UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED - GR**
February 25, 2022 4:27 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:KB  SCANNED BY: KB / 2/28

|  |  |
|---|---|
| GANIYU AYINLA JAIYEOLA, | Case No.: **1:22-cv-173** |
|  | Janet T. Neff - U.S. District Judge |
| Plaintiff, | COMPLAINT |
| v. |  |
| CHEMOURS COMPANY, | JURY TRIAL DEMANDED |
| Defendant. |  |

## INTRODUCTION AND NATURE OF THE ACTION

1. "For a pro se plaintiff, the Court is obligated to look at the substance of the allegations and overlook formal failures. See *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (…); cf. FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.")." (*Otworth v. PNC Bank*, No. 1:18-CV-625, ECF No. 27 (W.D. Mich. 2019)).

2. pro se Plaintiff Ganiyu Ayinla Jaiyeola ("Jaiyeola") alleges Defendant CHEMOURS COMPANY ("Chemours"), by failing to hire Plaintiff, violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII" – Race (African American) and National Origin (Nigerian), and The Delaware Discrimination in Employment Act (DE Code Tit. 19 Sec. 710 et seq.).

3. On July 29, 2021, Chemours failed to hire Jaiyeola for the "Materials Engineering Consultant" position that he applied and interviewed for. Ex 1

4. On June 19, 2021, Jaiyeola applied for the position of "Materials Engineering

-1-

Consultant" with Chemours.

5. The job description for the "Materials Engineering Consultant" is Ex 2.

6. "Thank you for your interest in exploring opportunities at Chemours. We have reviewed your profile and would like to invite you to schedule a phone screen." (See the email from Chemours; "Wed, Jun 23, 2021 at 5:54 PM" in Ex 3.). On June 28, 2021, Jaiyeola did a phone screen with Chemours for the "Materials Engineering Consultant" position. Ex 3.

7. On July 28, 2021, Jaiyeola did a joint video interview with Joseph Deltosto - Engineering Senior Manager and Cedric Tahiani - Materials Engineering Sr. Principal. Ex 4.

8. The following events happened during the video interview on July 28, 2021:

A. Jaiyeola was online and on time for the interview before 11:00 AM.

B. Deltosto was on time but he had to delay the start of the interview because Tahiani was late.

C. Deltosto identified himself as the Hiring Manager.

D. Deltosto asked Jaiyeola One (1) non-technical question. Tahiani asked Jaiyeola several technical questions.

E. Tahiani did not take notes during the interview.

F. Deltosto appeared to be busy with something else (and writing) for the most part of the interview.

G. During the interview, Tahiani rushed Jaiyeola to answer his questions.

H. Tahiani asked Deltosto for time several times to enable Jaiyeola to answer his questions and to ask Jaiyeola more questions. Deltosto was reluctant with additional time.

I. At the end of the interview, Jaiyeola asked Deltosto and Tahiani for their email addresses so that Jaiyeola could send them "Thank you" notes and highlight some of the technical issues discussed during the interview; in view of the fact that Tahiani rushed

Jaiyeola to answer questions during the interview.

J. Deltosto asked Tahiani to send Jaiyeola the email addresses for both of them and copy him. Tahiani told Jaiyeola he would send Jaiyeola the email addresses for both of them.

K. Tahiani never sent Jaiyeola the email addresses for both of them.

L. Jaiyeola considered his interview incomplete because he was rushed to answer questions and because he was denied due process by not receiving the promised email addresses for Deltosto and Tahiani.

M. Jaiyeola felt that he was not treated fairly during the interview and his rights were violated.

N. Jaiyeola believed he was discriminated against because of his Race (African American) and National Origin (Nigeria).

9. On July 29, 2021 (one day after the video interview), Jaiyeola received an email from Chemours stating that Jaiyeola was not hired for the "Materials Engineering Consultant" position. Ex 1.

10. On July 29, 2021 (one day after the video interview), Jaiyeola requested Chemours to do an investigation on why he was not hired. Ex 5.

11. On July 30, 2021, Chemours replied to Jaiyeola's request for investigation: "..we have passed this with our senior team and they will conduct the investigation you've requested.". Ex 6.

12. On August 13, 2021, Jaiyeola was contacted by Mr. Christopher L. Rieben ("Global Head of Talent Acquisition") of Chemours. Ex 7.

13. On August 13, 2021, Jaiyeola emailed his complaint to Rieben. Ex 8.

14. On August 19, 2021, Jaiyeola formally filed a dual Complaint with the Delaware

Department of Labor and the EEOC. Ex 9.

15.     On September 3, 2021, Rieben sent a reply to Jaiyeola's complaint. Ex 10.

16.     On January 11, 2022, Delaware Department of Labor issued Jaiyeola a "FINAL DETERMINATION AND RIGHT TO SUE NOTICE". Ex 11.

17.     On January 31, 2022, the EEOC issued Jaiyeola a "NOTICE OF RIGHT TO SUE". Ex 12.

18.     On November 12, 2021, Chemours advertised the position of "Materials Engineer". Ex 13. Upon information and belief, the job description for "Materials Engineer" matched the job description for "Materials Engineering Consultant" that Plaintiff applied for on June 19, 2021. Plaintiff applied for the new "Materials Engineer" position. On November 23, 2021, Plaintiff was phone screened for the "Materials Engineer" position. Ex 14. On December 16, 2021, Chemours informed Jaiyeola that Jaiyeola was not "selected" for the "Materials Engineer" position. Jaiyeola was neither invited to do a video interview nor invited to do an onsite interview before Chemours decided that Plaintiff was not "selected" for the "Materials Engineer" position.

19.     Jaiyeola obtained the following facts about Chemours from a Complaint that was filed in Michigan: *Nessel et al. v. E. I. Du Pont De Nemours and Company et al.*, 1:20-cv-00787, ECF No. 1 (W.D. Mich. 2020):

A.     "Defendant The Chemours Company is a Delaware corporation with its principal place of business at 1007 Market Street, Wilmington, Delaware 19899.".

B.     "The Chemours Company may be served with process through its registered agent, The Corporation Company, 40600 Ann Arbor Road E, Suite 201, Plymouth, Michigan 48170.".

C.     "The Chemours Company conducts business throughout the United States, including in the State of Michigan.".

20.     This Court has personal jurisdiction over the Defendant because it does business in

The State of Michigan as stated above.

21. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the Plaintiff asserts a claim under Title VII of the Civil Rights Act of 1964. The Court has supplemental jurisdiction over the Plaintiff's state law claim under 28 U.S.C. § 1367(a) because the claims are so related that they form part of the same case or controversy.

22. Venue is proper in the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391 because the failure-to-hire employment discrimination occurred when Plaintiff was residing in this judicial district.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*
### Race and National Origin Discrimination

23. Jaiyeola realleges and incorporates all preceding paragraphs.

24. Chemours was an employer for the purposes of Title VII.

25. Jaiyeola applied to Chemours for employment for the position of "Materials Engineering Consultant".

26. Jaiyeola was interviewed over the phone and he had a video interview with the Hiring Manager (Joseph Deltosto) and another Engineer (Cedric Tahiani).

27. Upon information and belief, Deltosto is White and Tahiani is Asian.

28. Upon information and belief, Deltosto is a U.S. Citizen and Tahiani is a Canadian Citizen.

29. Upon information and belief, Tahiani works for Chemours in Canada.

30. Upon information and belief, and based on what Tahiani said during the video interview, Tahiani would be the Supervisor for the person to be hired for the "Materials Engineering Consultant" position.

31. Chemours has discriminated against Jaiyeola in violation of Title VII by subjecting

him to different treatment on the basis of his Race (African American) and National Origin (Nigeria). Jaiyeola has been treated differently as a result of Chemours's wrongful conduct and its policies, practices, and procedures.

32. As a direct and proximate result of Chemours's intentional Race (African American) and National Origin (Nigeria) discrimination, Jaiyeola has been denied employment, denied the fair opportunity to obtain employment, and denied fair opportunities with regard to positions, compensation, and/or employment with Chemours.

33. The adverse failure-to-hire employment action alleged above directly and proximately caused Jaiyeola to suffer damages, including lost wages, lost benefits, garden variety emotional distress, humiliation, intimidation, embarrassment, and frustration.

34. The Chemours employee who did not hire Jaiyeola was an agent of Chemours who was acting in the court and scope of his agency with Chemours or acted with express authority from Chemours.

35. Chemours, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Jaiyeola's Federally protected rights. Chemours is therefore liable for punitive damages in an amount sufficient to punish Chemours and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Jaiyeola prays for judgment against Chemours on Count I of his Complaint, for a finding that he has been subjected to unlawful discrimination in violation of 42 U.S.C. §2000e, et seq.; compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees provided by 42 U.S.C. §2000e-5(k) (if Jaiyeola uses the services of an Attorney); and for such other and further relief the Court deems just and proper.

## COUNT II
### Violations of The Delaware Discrimination in Employment Act ("DDEA")

**(DE Code Tit. 19 Sec. 710 et seq.)**

36. Jaiyeola realleges and incorporates all preceding paragraphs.

37. Chemours was an employer in the State of Delaware for the purposes of DDEA.

38. The DDEA prohibits discrimination in employment based on race, national origin…(DE Code Tit. 19 Sec. 710 et seq.).

39. The Defendant, its management, agents, and employees engaged in a pattern and practice of discrimination against the Plaintiff with respect to the terms, conditions, and privileges of employment because of his race and national origin, in violation of Title VII of the Civil Rights Act.

40. The acts, failures to act, practices, and policies of the Defendant constitute discrimination against the Plaintiff because of his Race and National Origin, in violation of Title VII.

41. Jaiyeola is within the class of persons protected by DDEA.

42. At all times material, Jaiyeola is entitled to the rights and protections provided under the DDEA.

43. Chemours discriminated against Jaiyeola on the basis of his Race and National Origin in violation of the DDEA.

44. Chemours, by and through its officers, employees and agents, engaged in a continuing pattern and practice of discrimination against or disparate treatment of Jaiyeola based upon Jaiyeola's Race and National Origin, ultimately not hiring Jaiyeola.

45. The materially adverse acts alleged above directly and proximately caused Jaiyeola to suffer damages, including lost wages, lost benefits, garden variety emotional distress, humiliation, intimidation, embarrassment, and frustration.

46. Chemours's treatment of Jaiyeola was done with malice and reckless indifference to Jaiyeola's DDEA protected rights. Chemours is therefore liable for punitive damages in an amount

sufficient to punish Chemours and to deter it and other employers from engaging in similar conduct.

47. The Defendant knew or should have known about the discriminatory employment practices engaged in by its management, agents, and employees.

WHEREFORE, Jaiyeola prays for judgment against Chemours on Count II of his Complaint, for a finding that he has been subjected to unlawful discrimination in violation of the DDEA; compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees provided by DDEA (if Jaiyeola uses the services of an Attorney); and for such other and further relief the Court deems just and proper.

## COUNT III
### Deprivation of Due Process Under the Fourteenth Amendment

48. Jaiyeola realleges and incorporates all preceding paragraphs.

49. Jaiyeola saw an advertisement for the position of "Materials Engineering Consultant" at Chemours on a Job Board (www.indeed.com) and he applied on June 19, 2021.

50. On June 28, 2021, Jaiyeola did a phone screen with Chemours for the "Materials Engineering Consultant" position.

51. On July 28, 2021, Jaiyeola did a joint video interview with Joseph Deltosto - Engineering Senior Manager and Cedric Tahiani - Materials Engineering Sr. Principal.

52. During the video interview, Deltosto appeared to be busy with something else (and writing) for the most part of the interview.

53. During the interview, Tahiani rushed Jaiyeola to answer his questions.

54. Tahiani asked Deltosto for time several times to enable Jaiyeola to answer his questions and to ask Jaiyeola more questions. Deltosto was reluctant with additional time.

55. Tahiani did not take notes during the interview.

56. At the end of the interview, Jaiyeola asked Deltosto and Tahiani for their email addresses so that he could send them "Thank you" notes and highlight some of the technical issues

discussed during the interview.

57. Deltosto asked Tahiani to send Jaiyeola the email addresses for both of them and copy him. Tahiani told Jaiyeola he would send Jaiyeola the email addresses for both of them.

58. Tahiani never sent Jaiyeola the email addresses for both Deltosto and Tahiani.

59. Jaiyeola considered his interview incomplete and a denial of due process because he was denied the opportunity to send "Thank you" notes to Deltosto and Tahiani and an opportunity to highlight some of the technical issues discussed during the interview in the "Thank you" notes.

60. Chemours did not have all of the necessary information to make an informed decision about hiring Jaiyeola for the position Jaiyeola applied for because Deltosto and Tahiani denied Jaiyeola the opportunity to send "Thank you" notes to Deltosto and Tahiani and an opportunity to highlight some of the technical issues discussed during the interview in the "Thank you" notes; all of which constitute a denial of due process.

61. Chemours's decision not to hire Jaiyeola constituted a denial of due process to Jaiyeola because Chemours decision was based on less than complete information[1].

62. That materially adverse acts alleged above directly and proximately caused Jaiyeola to suffer damages, including lost wages, lost benefits, garden variety emotional distress, humiliation, intimidation embarrassment, and frustration.

63. Chemours's action against Jaiyeola was done with malice and reckless indifference to Jaiyeola's Federally protected rights under the Constitution. Chemours is therefore liable for punitive damages in an amount sufficient to punish Chemours and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Jaiyeola prays for judgment against Chemours on Count III of his

---

[1] *Blackford v. Kansas Employment SEC. Bd. of Review*, 938 F. Supp. 739 (D. Kan. 1996)

Complaint, for a finding that he has been denied due process in violation of 42 U.S.C. § 1983 (Deprivation of Due Process); equitable relief; costs expended; reasonable attorneys' fees (if Jaiyeola uses the services of an Attorney); and for such other and further relief the Court deems just and proper.

## Jury Demand and Place of Trial

Jaiyeola respectfully requests a trial by jury on all issues so triable in Grand Rapids, Michigan.

## Designation of Place of Trial

Jaiyeola respectfully requests that trial in this matter be held at the U.S. District Court, Western District of Michigan, 399 Federal Building, 110 Michigan Street NW, Grand Rapids Michigan 49503.

Date:   February 25, 2022

_____
Ganiyu Ayinla Jaiyeola
749 Preserve Circle Drive SE, Apt. 6
Grand Rapids, Michigan 49548
Tel.:  616.635.4025
ganiyu.jaiyeola@gmail.com
pro se Plaintiff