IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GANIYU AYINLA JAIYEOLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 22-1030-CFC |
| | ) |
| CHEMOURS COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

**I.   INTRODUCTION**

Plaintiff commenced this action on February 15, 2022 in the United States District Court for the Western District of Michigan.  (D.I. 1)  Plaintiff appears *pro se*.  On June 24, 2022 an order was entered that granted Defendant's motion for leave to file a reply brief and the brief was filed the same day.  (D.I. 15, 16) Plaintiff moves for reconsideration of the order.  (D.I. 17)  Plaintiff's motion is actually a sur-reply to Defendant's reply brief.

**II.   DISCUSSION**

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet.  The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."  *Max's Seafood Café ex*

1

*rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

The real issue concerns Defendant's motion to transfer the case to this district. (*See* D.I. 7) Defendant's motion to change venue was granted on August 4, 2022, and the case was transferred to this district. (D.I. 20, 21) Upon

2

review of this matter, the Court concludes that Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration. This Court further notes that Plaintiff has filed a motion to transfer this matter to the United States District Court for the Eastern District for Wisconsin. (*See* D.I. 24)

### III. CONCLUSION

For the above reasons, the Court will deny Plaintiff's motion. (D.I. 17)

An appropriate order will be entered.

_____
Chief Judge

December 7, 2022
Wilmington, Delaware