IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GANIYU AYINLA JAIYEOLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1030 (JLH) |
| | ) | |
| CHEMOURS COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM ORDER</u>**

This is an employment discrimination case. Presently pending before the Court are Defendant Chemours Company's Motion for Summary Judgment (D.I. 67) and *pro se* Plaintiff Ganiyu Ayinla Jaiyeola's "Motion for Perjury Sanctions Against Cedric Tahiani" (D.I. 73).

1. On February 25, 2022, Plaintiff filed his Complaint against Defendant. (D.I. 1.) The Complaint has three counts. Counts I and II allege that Defendant's decision not to hire Plaintiff as a Material Engineering Consultant violated Title VII of the Civil Rights Act and the Delaware Discrimination in Employment Act (DDEA), respectively. Count III alleges that Defendant's decision not to hire Plaintiff violated his Fourteenth Amendment right to due process. Defendant has moved for summary judgment on all three counts. (D.I. 67.)

2. A party may move for summary judgment under Federal Rule of Civil Procedure 56. Summary judgment must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is only genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility

determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). Rather, "the judge must ask himself whether a fair-minded jury could return a verdict for the [claimant] on the evidence presented" in view of the substantive evidentiary burden that applies in the case. *Anderson*, 477 U.S. at 252. "[W]here a non-moving party fails sufficiently to establish the existence of an essential element of its case on which it bears the burden of proof at trial, there is not a genuine dispute with respect to a material fact and thus the moving party is entitled to judgment as a matter of law." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014) (citing *Lauren W. v. DeFlaminis*, 480 F.3d 259, 266 (3d Cir. 2007)).

3. Because Defendant is a private party, not a government actor, Plaintiff has no cause of action against Defendant under the Fourteenth Amendment. *Rader v. ShareBuilder Corp.*, 772 F. Supp. 2d 599, 607 (D. Del. 2011), *aff'd sub nom. Rader v. ING Groep NV*, 497 F. App'x 171 (3d Cir. 2012). Summary judgment will be entered for Defendant on Count III.

4. Summary judgment will also be entered for Defendant as to Counts I and II. Plaintiff contends that Defendant failed to hire him as a Material Engineering Consultant because of his race (African American) and national origin (Nigerian). Since Plaintiff has pointed to no direct evidence of discrimination, Plaintiff's Title VII and DDEA claims are analyzed under the familiar *McDonnell Douglas* burden-shifting analysis. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Riner v. Nat'l Cash Register*, 434 A.2d 375, 376 (Del. 1981). Thus, Plaintiff needs to first establish a "prima facie case" of disparate treatment by pointing to evidence that (1) he belongs to a protected class, (2) he was qualified to serve as a Material Engineering Consultant at Defendant Chemours (3) he was not hired despite being qualified and (4) "under circumstances that raise an inference of discriminatory action," Defendant continued to seek out individuals with qualifications similar to Plaintiff's to fill the position. *Sarullo v. USPS*, 352 F.3d 789, 797 (3d Cir.

2003). If Plaintiff succeeds in establishing a prima facie case, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for not hiring Plaintiff. *Id.* If Defendant satisfies that burden, Plaintiff then must proffer evidence that would allow a reasonable fact finder to conclude that an invidious discriminatory reason was one but-for cause of Defendant's failure to hire Plaintiff. *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 656 (2020); *Sarullo*, 352 F.3d at 797.

5. Plaintiff has failed to point to evidence sufficient to establish all the elements of a prima facie case. No one disputes that Plaintiff belongs to a protected class (element (1)) and that he was not hired (element (3)). Even assuming for the sake of the argument that he was qualified for the position (element (2)), Plaintiff has pointed to no evidence of "circumstances that raise an inference of discriminatory action" (element (4)). The undisputed evidence of record reflects that Defendant received a number of applications for the position of Material Engineering Consultant—from individuals both inside and outside Plaintiff's protected classes—and Defendant rejected all of them. (Instead of hiring a Material Engineering Consultant, Defendant instead issued a revised posting months later for a Materials Engineer, with different qualifications and a different salary.) There is nothing in the record to suggest that Defendant decided not to hire for the Material Engineering Consultant position specifically to discriminate against Plaintiff. And Plaintiff points to no other evidence in the record that would permit a reasonable jury to find that he was not selected "under circumstances that raise an inference of discriminatory action." *Sarullo*, 352 F.3d at 797.

6. Even if Plaintiff could establish a prima facie case, he hasn't identified evidence that would allow a reasonable fact finder to conclude that Plaintiff's race or national origin played any role in Defendant's choice not to hire him. Defendant's proffered reasons for not hiring

Plaintiff are that (1) he did not convey the technical abilities and knowledge expected based on his resume and level of experience, (2) his answers regarding materials testing methods were either incomplete or conveyed superficial knowledge of the subject, (3) his answers to the questions around specific subjects from his resume in which he represented himself as being very knowledgeable did not convey adequate understanding of the topics, and (4) his answers to certain questions indicated that his prior roles were in an oversight function as opposed to actually performing the tasks himself, which was required for the role Defendant was seeking to fill. In support of his argument that Defendant's proffered reasons are pretextual, Plaintiff points to several "irregularities" that allegedly show pretext: (i) one of the interviewers was late to Plaintiff's interview and didn't apologize, (ii) the interviewers didn't take notes during the interview, (iii) one of the interviewers appeared to be preoccupied during the interview, (iv) Defendant didn't record the interview, (v) the interviewers weren't deposed, (vi) there is a discrepancy in the record about who the hiring manager was, and (vii) Defendant did not hire for the position and instead posted an advertisement for a different job, which Plaintiff applied for and was not selected. (D.I. 72 at 12–13.) Notably, none of the "irregularities" identified by Plaintiff calls into question Defendant's proffered reasons for not selecting Plaintiff for the position. Viewed together and in the light most favorable to Plaintiff, the "irregularities" pointed to by Plaintiff are insufficient for a reasonable fact finder to conclude that race or national origin played a role in Defendant's decision not to hire him. The Court will grant summary judgment for Defendant on Counts I and II.

7. Plaintiff's "Motion for Perjury Sanctions Against Cedric Tahiani" (D.I. 73) is DENIED. The motion lacks merit for many reasons, not the least of which is that Mr. Tahiani is not a party to this case.

8. For the above reasons, the Court GRANTS Defendant's motion for summary judgment (D.I. 67) and DENIES Plaintiff's motion for sanctions (D.I. 73). The Clerk of Court is directed to enter Judgment in favor of Defendant and to mark the case closed.

Dated: February 27, 2025

                                             _____
                                             The Honorable Jennifer L. Hall
                                             United States District Judge